**Hocine AMEZIANE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5867–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2006.

---

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

Steven A. Mundie, New York, NY, for Petitioner.

Bruce E. Reppert, Assistant United States Attorney for Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, Fairview Heights, Il, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Hocine Ameziane, a native and citizen of Algeria, seeks review of a September 30, 2005 order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of Immigration Judge ("IJ") George T. Chew denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Hocine Ameziane*, No. A 97 965 211 (BIA Sept. 30, 2005), *aff'g* No. A 97 965 211 (Immig. Ct. N.Y. City, N.Y. June 30, 2004). We assume the parties' familiarity with the facts, the procedural history and the issues presented on appeal.

When the BIA summarily affirms an IJ's decision, we review the IJ's decision directly. *Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 189 (2d Cir.2005). The factual findings underlying the IJ's denial of Ameziane's claims will be upheld if those findings are based upon "substantial evidence." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Ameziane does not seek review of the denial of his asylum claim, which was untimely filed more than six years after entering the United States. *See* 8 U.S.C. § 1158(a)(1) (imposing a one-year filing deadline). Nor does Ameziane pursue his CAT claim on appeal, as the IJ properly concluded that the record does not support the claim. We, therefore, only review the denial of his withholding claim.

Although the IJ found Ameziane's explanation for submitting his asylum application after the filing deadline to be "very implausible," the IJ made no explicit credibility findings in relation to Ameziane's remaining claims. Instead, the IJ found that one of the events identified by Ameziane as the basis for his claim—the police coming to his house to arrest him in 1997 because of his Berber nationalist activities—was too remote in time and lacked sufficient corroboration to show that it occurred. The IJ further found that the heavier burden necessary for withholding

of removal had not been met, and that the petitioner had failed to demonstrate that, more likely than not, he would be tortured if returned to Algeria.

■ These conclusions were inadequately supported by the IJ. In finding a lack of corroboration to show that the police visit to Ameziane's home occurred, the IJ failed to make an explicit credibility finding as to Ameziane's testimony in support of this claim. This failure frustrates appellate review and denies Ameziane the benefit of the rule that "a petition for ... withholding of deportation [can be sustained] based on credible testimony alone." *Diallo v. INS*, 232 F.3d at 287. The fact that the IJ found Ameziane's explanation of why he waited to file his asylum application "very implausible," even if regarded as a credibility determination, was not relied on by the IJ in denying the withholding claim and so bears no relationship to IJ's analysis of that claim or his conclusions concerning corroboration. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (ruling that the IJ's reasons for denying a claim "must bear a legitimate nexus to the [credibility] finding"). Specifically, the "very implausible" finding sheds no light on whether the IJ found Ameziane's testimony as to his withholding claim (1) incredible because of a lack of corroboration, *see Diallo*, 232 F.3d at 287 (ruling that the presence or absence of corroborative evidence may be properly considered in determining credibility, but cannot be the sole factor taken into account) or (2) credible but requiring additional corroborative evidence to substantiate the claim, *see Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). *See Diallo*, 232 F.3d at 290 (distinguishing between considering the lack of corroborative evidence in assessing credibility and requiring corroborative evidence to satisfy the petitioner's burden of proof). If the IJ ruled on the latter ground, this reliance triggered a duty on his part to identify the relevant corrobora-

tive documentation and show that this documentation was reasonably available to petitioner. *See Jin Shui Qiu*, 329 F.3d at 153. This confluence of errors leads us to conclude that the IJ's decision on this issue is not entitled to substantial deference.

■ Despite these errors and despite the unusually skillful presentation by petitioner's counsel, we find a remand unwarranted because we can "confidently predict that the IJ would necessarily reach the same result absent errors." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005). Withholding of removal requires the applicant to show that it is more likely than not that his or her "life or freedom would be threatened in [that country] because of [his or her] race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b). The record reflects no events that would constitute past persecution as neither expulsion from school nor an "almost-arrest" rises to that level. *Cf. Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005). Nor does the record in this case establish a clear probability of future persecution. *See Serafimovich v. Ashcroft*, 456 F.3d 81, 85 (2d Cir. 2006). Although the record contains evidence of the maltreatment of two of Ameziane's eight brothers as a result of their activist activities, the record is bereft of evidence of his mistreatment. Given the heavier burden required to establish withholding relief, we are confident that an IJ would not find a clear probability of future persecution of Ameziane based almost entirely on the persecution of others in his family. *See Surya v. Gonzales*, 454 F.3d 874, 878 (8th Cir.2006) (finding no clear probability of persecution based principally on some past attacks of family members); *see also Cham v. U.S. Att'y Gen.*, 445 F.3d 683, 693 (3d Cir.2006) ("An applicant cannot rely solely on the persecution of his family members to qualify for asylum....") (emphasis added) (internal cita-

tions and quotation marks omitted); *Margos v. Gonzales,* 443 F.3d 593, 598 (7th Cir.2006) (same); *cf. Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999) (noting that although the persecution of family members does not form a basis of petitioner's past persecution, it *may* establish a well-founded fear of persecution for asylum). We conclude, therefore, that remand would be futile. *See Cao He Lin,* 428 F.3d at 395.

Accordingly, the petition for review is denied. Having completed our review, any previously granted stay of removal is VACATED, and any currently pending stay of removal is DENIED as moot.